IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEQUAN MORRIS,**

                **Petitioner,**

v.

                Case No. 21-cv-1391-NJR

**WARDEN,**

                **Respondent.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Petitioner Dequan Morris, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his state conviction. Morris pleaded guilty to first degree murder and attempted murder with a firearm enhancement. This matter is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

    As an initial matter, there appears to be an issue as to exhaustion of state remedies because Morris supplies contradictory information within his Petition. He indicates that he did not appeal from the judgment of conviction (possibly as a condition of his plea agreement), and he likewise did not seek further review by a higher state court or file a petition for certiorari in the United States Supreme Court. Morris also states that he has not previously filed any other post-conviction petition, application, or motion concerning this judgment of conviction in any state court. Yet, he also states that all grounds for relief

have been presented to the highest state court having jurisdiction. Because of the limited and inconsistent information, this issue of exhaustion will require further briefing.

There also appears to be an issue regarding the timeliness of the Petition. A habeas petition brought pursuant to Section 2254 must be filed within one year of the date of conviction or another triggering event. 28 U.S.C. § 2244(d)(1). In his Petition, Morris explains that he hired a private attorney to initiate this action after he was sentenced in 2019. Morris contends that he has not heard anything from this attorney, not for a lack of trying. He also states that he has had difficulty processing his Petition due to lockdown constraints in his institution. Without more, it is difficult for the Court to make a determination regarding timeliness. As such, further briefing is necessary.

Accordingly, without commenting on the merits of the Petition, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Morris is not entitled to habeas relief and more briefing is necessary.

Morris lists "Warden" as the Respondent. The Clerk is **DIRECTED** to substitute the Respondent in this action for the current Warden of Menard Correctional Center, Anthony Wills. *See* Federal Rule of Civil Procedure 25(d); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005) (proper respondent is the prisoner's current custodian).

## MOTION TO APPOINT COUNSEL

Morris, within his Petition, asks the Court to appoint counsel due to his indigence (Doc. 1). The Court may appoint counsel for an indigent habeas petitioner under 28 U.S.C. § 2254(h). The statute does not create a right to counsel; rather, it gives the court broad

discretion to appoint counsel for a petitioner seeking habeas relief.

Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, a court must make the following inquiries: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires appointment of counsel where an evidentiary hearing is found to be warranted.

Morris does not indicate in his petition whether he has attempted to procure counsel. Even if he had, the Court does not find that counsel is warranted at this time. The Court has not determined if a hearing will be necessary. Further, the case is in the early stages, and Respondent has not yet been served. Accordingly, Morris's motion for counsel is **DENIED without prejudice**.

Morris may file a motion to appoint counsel at a later time should he believe counsel is necessary, but as noted, he will need to demonstrate that he has made a reasonable attempt to obtain counsel on his own.

## Conclusion

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **June 15, 2022**. This preliminary order to respond does not, of course, preclude

the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Morris is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   May 12, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**