IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEQUAN MORRIS,

                Petitioner,

v.

ANTHONY WILLS, current Warden of
Menard Correctional Center,

                Respondent.

Case No. 21-cv-1391-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Dequan Morris, an inmate of the Illinois Department of Corrections, brings this habeas action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court grants a motion to dismiss the petition filed by Respondent Anthony Wills (Doc. 10).

In 2017, Morris was charged with two counts of murder, two counts of attempted murder, and one count of aggravated discharge of a firearm. (Doc. 10-1); *People v. Morris*, No. 17-CF-639. Before Judge Kathy Elliott in the Circuit Court of Kankakee County, Illinois, in February 2019, Morris pleaded guilty to first degree murder, and the other counts against him were dismissed. (Doc. 10-1 at pp. 1, 7). Several months later, in June 2019, Morris was sentenced to 60 years to life in prison and ordered to pay court costs and fines. (Docs. 10-1; 10-2). Morris is currently in custody at Menard Correctional Center.[1]

It appears that Morris never moved to withdraw his guilty plea, vacate the

---

[1] *See* https://idoc.illinois.gov/offender/inmatesearch.html (last visited Feb. 16, 2023).

judgment against him, or reconsider his sentence, nor did he appeal his conviction or sentence in state court. (Docs. 10; 10-1). On November 5, 2021, Morris filed the instant petition in this Court under 28 U.S.C. § 2254, asserting that his guilty plea was illusory, invalid, and coerced, and that his counsel failed to communicate a favorable plea agreement. (Doc. 1).

## APPLICABLE LAW

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review pursuant to Section 2254 serves as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment) (internal quotation marks omitted)). Habeas relief is restricted to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Section 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. 28 U.S.C. § 2244(d). Under Section 2244(d)(1), a person convicted in state

court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2244(d)(1)(A)-(D).

Per Section 2244(d)(2), the one-year statute of limitations is tolled during the pendency of a "properly filed" state post-conviction application. *Id.* at 2244(d)(2). Equitable tolling also applies to the one-year statute of limitations in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To trigger equitable tolling, a petitioner must demonstrate that (1) he has been diligently pursuing his rights, and (2) some extraordinary circumstance stood in his way of doing so, thus preventing timely filing. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

Respondent argues that Morris's petition is untimely, as it is more than a year late, and, as such, should be dismissed with prejudice. Further, Respondent contends that Morris's excuses for delay do not provide a basis for equitable tolling. In his response to Respondent's Motion to Dismiss, Morris reiterates that he was unaware of a deadline, his

attorney failed to help or respond, his prison frequently locks down, and the law library offers little help.

Before appealing from a judgment entered upon a guilty plea, Illinois requires a defendant to file a motion to withdraw the guilty plea and vacate the judgment or a motion to reconsider the sentence within 30 days of sentencing. *See* ILL. SUP. CT. R. 604(d). Morris's conviction became "final," within the meaning of Section 2244(d)(1)(A), 30 days after he was sentenced. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final upon expiration of time to seek direct review). Based on the one-year statute of limitations outlined in Section 2244, Morris had until July 29, 2020,[2] to file a timely Section 2254 petition. Morris filed the instant petition on November 5, 2021, well beyond the one-year window.

Morris emphasizes that he is incarcerated and unrepresented. Further, he asserts that his previously retained counsel failed to help him file an appeal or file a habeas petition. Morris also faults prison lockdowns and lack of help from the prison library. Although he does not label it as such, he is apparently arguing for equitable tolling. As described above, for equitable tolling to apply, Morris must demonstrate a diligent pursuit of his rights, and identify some extraordinary circumstance that prevented him from timely filing his petition. *Holland*, 560 U.S. at 649. Moreover, equitable tolling is an extraordinary remedy that is rarely granted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). The habeas petitioner carries the burden of establishing both of these factors. *Tucker*

---

[2] Technically, July 27, 2019, was 30 days after Morris's sentencing, however, that fell on a Saturday. As such, the Court will account for the intervening weekend and recognize the next business day as Monday, July 29, 2019. This does not impact the analysis.

*v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

The case law is clear with respect to each of the circumstances that Morris references. Incarceration is not an extraordinary circumstance justifying equitable tolling. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("[H]abeas relief, by definition, is almost always sought by an incarcerated petitioner, and we decline to find that this circumstance is so extraordinary as to warrant the application of this rarely-applied doctrine."). Lack of legal experience or familiarity with the law also fails as a basis for equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). Furthermore, typically an attorney's mistake or incompetence also does not qualify as an extraordinary circumstance to invoke equitable tolling. *Johnson*, 265 F.3d at 566; *see also Modrowski v. Mote*, 322 F.3d 965, 968-69 (7th Cir. 2003) ("we hold the prisoner responsible for his attorney's bungling"). In some cases, abandonment by counsel may be a reasonable basis for equitable tolling. *Estremera v. United States,* 724 F.3d 773, 775 (7th Cir. 2013). Morris, however, does not describe or offer evidence of his attempts to mitigate his counsel's inaction. On this record, the Court cannot determine what happened with Morris's counsel, if the representation was terminated at any point, or if Morris acted diligently in the wake of his attorney's possible abandonment. In his petition, Morris also states that "lockdown constraints" in his institution prevented timely processing of legal materials. But Morris fails to explain how he was specifically prevented from filing this petition in a timely fashion.

As harsh as it may seem, this is the state of the law under AEDPA. Morris filed his petition over a year after his federal filing deadline expired. The surrounding circumstances that he raises fail to demonstrate an entitlement to equitable tolling. Thus,

Respondent's Motion to Dismiss will be granted, and Morris's petition will be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable whether this Court's ruling on the issue of timeliness of this habeas petition is correct. Accordingly, the Court denies a certificate of appealability.

Morris may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss (Doc. 10) is **GRANTED**, and the Petition (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

If Morris wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Morris plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Morris does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED:   February 21, 2023

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**